UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARDIANA SHKOZA,

                      Plaintiff,

v.

NYC HEALTH AND HOSPITAL CORPORATION,

                      Defendants.

No. 20-CV-3646 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Ardiana Shkoza, proceeding *pro se*, commenced this action against her former employer, the New York City Health and Hospitals Corporation, asserting claims of retaliation and discrimination under federal, state, and city law. On March 13, 2024, this Court granted Defendant's motion for summary judgment. *See* Op. & Order, ECF No. 87. Now before the Court is Plaintiff's motion for reconsideration of that decision and relief from final judgment. For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

    The Court presumes the reader's familiarity with the facts of this case, which are recounted in the Court's Opinion and Order granting summary judgment. In short, Plaintiff Shkoza began a position as a temporary hospital care investigator in the billing department of Jacobi Medical Center in the Bronx on March 4, 2019. *See* Def.'s 56.1 ¶¶ 8, 11, ECF No. 77; Pl.'s 56.1 ¶¶ 8, 11, ECF No. 84. On April 23, 2019, she was terminated from that position. *See* Def.'s 56.1 ¶¶ 62–63; Pl.'s 56.1 ¶¶ 62–63. Plaintiff filed this lawsuit in May 2020. *See* Compl., ECF No. 1.

On September 22, 2021, the Court granted Defendant's motion to dismiss in part and denied it in part. The Court dismissed Plaintiff's claims for race discrimination, national origin discrimination, and age discrimination, but permitted two claims—for retaliation under Title VII, 42 U.S.C. § 2000e-3(a), the New York State Human Rights Law, N.Y. Exec. Law § 296(7), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(7); and for gender discrimination under the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)—to proceed. *See* Op. & Order, ECF No. 26. Following the close of discovery, Defendant filed a motion for summary judgment, which the Court granted on March 13, 2024. *See* Op. & Order, ECF No. 87. Now pending is Plaintiff's motion for reconsideration of that decision and relief from final judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1). *See* Mem. of Law in Supp. of Mot., ECF No. 90 ("Mot.").

## LEGAL STANDARD

"The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b)." *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 Civ. 9718 (ER), 2017 WL 456466, at *6 (S.D.N.Y. Feb. 1, 2017). Reconsideration of a court's previous order under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). To succeed on such a motion, a movant must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

2

This standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15 Civ. 6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).

Like Rule 59(e), Rule 60(b) motion is a mechanism for "extraordinary judicial relief" to be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."). Rule 60(b) authorizes a court to relieve a party from its final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Whether to grant a Rule 60(b) a motion is "addressed to the sound discretion of the district court." *Nemaizer*, 793 F.2d at 61. Such a motion "is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (summary order) (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)).

3

**DISCUSSION**

Plaintiff asks this Court to reconsider its prior grant of summary judgment under Rule 59(e) in order to "correct clearly erroneous misapprehensions of law and fact," "accommodate an intervening change in controlling law," and "prevent manifest injustice." Mot. 1–2. Plaintiff further requests relief from the final judgment under Rule 60(b)(1) because she was "unjustly surprised by the unilateral adoption and application of res judicata principles." Mot. 2. Having considered the parties' arguments, the Court denies Plaintiff's motion.

As an initial matter, Plaintiff makes a number of arguments that do not relate to the facts of this case. Plaintiff, for example, requests Rule 60(b)(1) relief due to this Court's purported "unilateral adoption and application of res judicata principles" and contends that this Court "misunderstood the relevance of Plaintiff['s] assertions of a meritorious defense to res judicata." *Id.* The Court, however, did not discuss res judicata principles in its judgment, nor did either party advance any argument concerning res judicata in its briefing. Plaintiff also refers to the "state court consent judgment's validity." *Id.* at 1. No such judgment is at issue in this matter.

Despite asserting that there has been an "intervening change in controlling law" that justifies Rule 59 relief, *id.*, Plaintiff has not identified any "controlling decisions or data that the court overlooked" that might "alter the conclusion reached by the court," *Linden v. Dist. Council 1707-AFSCME*, 415 Fed. App'x 337, 338–339 (2d Cir. 2011) (summary order) (quoting *Shrader*, 70 F.3d at 257). Indeed, Plaintiff has not cited any case law in support of her motion, nor is the Court aware of any intervening change in law that would alter its decision.

At the heart of Plaintiff's motion is her contention that the Court's prior decision was incorrect. A motion for reconsideration, however, "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Indeed, neither Rule

4

59 nor Rule 60 is "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *See Analytical Survs., Inc.*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted); *see also Pastor*, 856 Fed. App'x at 345. While the Court is sympathetic to the hardships Plaintiff claims she has experienced, it has already considered the record evidence she cites and determined that it is insufficient for her claims to survive summary judgment.

Plaintiff further contends that reconsideration is necessary to correct clear error and prevent manifest injustice. Mot. 2. She argues that Defendant has "failed to prove material facts necessary." *Id.* at 5. Defendant, however, did not have a burden to prove material facts. To succeed on summary judgment, Defendant had to "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the moving party"—Defendant in this case—"demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Plaintiff has failed to do so.

Plaintiff also insists that the Court "abused its discretion and erred as a matter of law in failing to credit any of the Plaintiff's testimony and in crediting all of the Defendant's false [t]estimony." Mot. 5. To the contrary, this Court construed the facts and resolved ambiguities in the record in favor of Plaintiff, as it must when evaluating a motion for summary judgment. *See Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). Having done so, it concluded that Plaintiff did not make out a *prima facie* case of retaliation or gender discrimination. *See* Op. & Order, 11, 13, 15–16, ECF No. 87. Even if she had, Plaintiff's claims would not survive summary

judgment because Plaintiff has failed to rebut Defendant's proffered "legitimate, non-retaliatory reason" for firing her with evidence that her firing was merely pretextual. *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)); *see* Op. & Order 11, 15–16, ECF No. 87. Indeed, the record "contains ample evidence of both poor job performance and personality conflicts," supporting Defendant's proffered basis for her firing. Op. & Order 11, ECF No. 87. Accordingly, Plaintiff has not established a legal basis for this Court to alter, amend, or grant relief from its judgment.

Plaintiff finally asserts that she did not receive various documents mailed to her by the Clerk of Court. Mot. 3. Plaintiff may write to this Court to request any document filed on the docket that she has yet to receive. If her address has changed, it is Plaintiff's obligation to notify the Court in writing of such a change, as this Court previously advised her. *See* Order of Service, ECF No. 5.

## CONCLUSION

For the reasons explained above, Plaintiff's motion for reconsideration and relief from final judgment is denied. The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 91 and 101, enter judgment for Defendant, and mail of a copy of this opinion and order to Plaintiff.

SO ORDERED.

Dated:  June 4, 2025
        New York, New York

Ronnie Abrams
United States District Judge